| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

Southern _____ District of New York _____
                                      (State)

Case number (*If known*): _____    Chapter 11___

☐ Check if this is an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**

   The Big Apple Circus, Ltd.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   N/A

3. **Debtor's federal Employer Identification Number (EIN)**

   1 3 _ 2 9 0 6 0 3 7

4. **Debtor's address**

   **Principal place of business**

   One MetroTech Center North
   Number    Street

   3rd Floor

   Brooklyn            NY      11201
   City                State   ZIP Code

   Kings County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City                State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   39 Edmunds Lane
   Number    Street

   Walden            NY      12586
   City              State   ZIP Code

5. **Debtor's website (URL)**

   www.bigapplecircus.org

6. **Type of debtor**

   ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding  LLP)
   ☐ Other. Specify: _____

| Debtor | The Big Apple Circus, Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☑ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

    7    1    1    1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** If more than 2 cases, attach a separate list. | ☑ No |
|---|---|---|
| | | ☐ Yes.  District _____ When _____ Case number _____ |
| | | MM / DD / YYYY |
| | | District _____ When _____ Case number _____ |
| | | MM / DD / YYYY |

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** List all cases. If more than 1, attach a separate list. | ☑ No |
|---|---|---|
| | | ☐ Yes.  Debtor _____ Relationship _____ |
| | | District _____ When _____ |
| | | MM / DD / YYYY |
| | | Case number, if known _____ |

| Debtor | The Big Apple Circus, Ltd. | Case number (if known) |
|---|---|---|
| | Name | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number          Street

_____

_____

City                    State      ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☑ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☑ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Debtor | ~~The~~ Big Apple Circus, Ltd. | Case number *(if known)* _____ |
|--------|------------------------------|---------------------------------|
|        | Name                         |                                 |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☑ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

---

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/20/2016
            MM / DD / YYYY

✗ */s/ Will Maitland Weiss*
Signature of authorized representative of debtor

Will Maitland Weiss
Printed name

Title  Executive Director

**18. Signature of attorney**

✗ */s/ M. Natasha Labovitz*
Signature of attorney for debtor

Date  11/20/2016
      MM / DD / YYYY

M. Natasha Labovitz
Printed name

Debevoise & Plimpton LLP
Firm name

919 Third Avenue
Number        Street

New York                     NY        10022
City                         State     ZIP Code

(212) 909-6000               nlabovitz@debevoise.com
Contact phone                Email address

2813251 / ML5153             NY
Bar number                   State

---

---

**Fill in this information to identify the case:**

Debtor name    The Big Apple Circus, Ltd.

United States Bankruptcy Court for the:    Southern District    District of New York
                                                                              (State)

Case number (if known): _____

☐ Check if this is an
   amended filing

---

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only contingent claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Fund for the City of New York 121 Avenue of the Americas New York, New York 10013 | Andrew Walrond 212-925-5675 | Loan | | | | $760,000 |
| 2 | Barbara Slifka One Beekman Place New York, New York 10022 | Michael Hecht Mhecht@hechtcpa.com 212-819-8080 | Loan | | | | $737,500 |
| 3 | Audienceview Ticketing 425 Adelaide Street West Toronto, Ontario Canada M5V 3C1 | Charlene DiGiuseppe charlene.DiGiuseppe@audienceview.com | Trade | Disputed | | | $426,623.09 |
| 4 | Taft Foundation 1177 Avenue of the Americas New York, New York 10036 | Shannon Prohaszka shannon@taftfoundation.org | Undelivered Services | Contingent | | | $239,500.00 |
| 5 | Billups, Inc. PO Box 3558 Portland, Oregon 97208-3558 | Natalie Stoll (503) 454-0714  ext 170 natalie.stoll@billups.com | Trade | | | | $236,762.00 |
| 6 | Seiden Advertising 112 Madison Avenue 9th Floor New York, New York 10016 | Matt Seiden (212) 223-8700 mseiden@seidenadvertising.com | Trade | | | | $202,947.26 |

Debtor    The Big Apple Circus, Ltd.
          _____          Case number (*if known*) _____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Centro Inc. 11 East Madison 6th Floor Chicago, Illinois 60602 | Carrie King (312) 397-3374 carrieking@centro.com | Trade | | | | $198,510.21 |
| 8 | Christie Lites Orlando / Rentals 6990 Lake Ellenor Drive Orlando, Florida 32809 | Edgar Torres (407) 856-0016 ETorr@christielights.com | Trade | | | | $176,843.36 |
| 9 | Burke Foundation 320 E. Buffalo St., Suite 600 Milwaukee, Wisconsin 53202 | Casey Casteneda (JP Morgan Chase) 323-791-1889 casey.b.castaneda@jpmorgan.com and James Burke james@disruptivela.com | Undelivered Services | Contingent | | | $150,000.00 |
| 10 | Mintz-Hoke 40 Tower Lane Avon, Connecticut 6001 | Lynette McCarthy, VP and Director of Broadcast Buying (860) 679-9789 lynettem@mintz-hoke.com | Trade | | | | $144,890.83 |
| 11 | Sunbelt Rentals / GA 58-75 Maurice Avenue Maspeth,  NY 11378 | (718) 387-4872 | Trade | | | | $127,684.66 |
| 12 | Rudin Management Inc. 345 Park Ave Fl 33 New York, New York 10154-0004 | Katie Gallagher 212-407-2429 kgallagh@rudin.com | Undelivered Services | Contingent | | | $105,000.00 |
| 13 | IPFS Corporation PO Box 32144 New York, New York 10087-2144 | Joseph Bower (212-297-1481) jbower@dewittstern.com | Insurance | Contingent | | | $104,364.16 |
| 14 | Guillaume Dufresnoy 149 Siam Rd. Windham, NY 12496 | Guillaume Dufresnoy (646) 294-0523 dufresnoy@aol.com | Employee, Loan | Disputed | | | $103,077.11 |

Debtor  __The Big Apple Circus, Ltd._____    Case number (if known) _____
        Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only contingent, claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Mt. Sinai Children's Center Foundation<br>Jack and Lucy Clark Department of Pediatrics<br>Mount Sinai Health System<br>One Gustave L. Levy Place, Box 1198<br>1468 Madison Avenue<br>New York, New York 10029 | Freda Burstyn, Vice Chair for Administration<br><br>Phone: 212-241-8089<br>Mobile: 917-743-6068<br><br>freda.burstyn@mssm.edu | Undelivered Services | Contingent | | | $101,960.00 |
| 16 | The Whelan Group Incorporated<br>Meyers, Saxon, & Cole<br>c/o Whelan Group Inc.<br>3620 Quentin Road<br>Brooklyn, New York 11234 | Irwin Meyers<br><br>(718) 339-3330<br><br>imeyers920@aol.com | Judgment | Disputed | | | $93,838.29 |
| 17 | Arena Americas<br>55 Montgomery Street<br>Belleville, New Jersey 7109 | Dianne Cronce<br><br>(414)831-7036<br><br>dcronce@arenaamericas.com | Trade | | | | $90,770.07 |
| 18 | NYS Dept. of Taxation and Finance<br>PO Box 4127<br>Binghamton, NY 13902-4127<br>and<br>PO Box 5300<br>Albany, NY 12205-0300 | Attn: Bankruptcy Section | Government | | | | $90,470.00 |
| 19 | Village of Walden Property Tax<br>One Municipal Square<br>Walden, New York 12586 | Janice Cocks | Government, Municipal | | | | $88,657.00 |
| 20 | Celtic Bank Corporation<br>Capital Square Program<br>1455 Market Street, Suite 600<br>San Francisco, California 94103 | Fax: (801) 363-6562 | Loan | | | | $86,470.00 |

**Fill in this information to identify the case and this filing:**

Debtor Name  The Big Apple Circus, Ltd.

United States Bankruptcy Court for the:  Southern                District of  New York
                                                                              (State)

Case number (*If known*):  _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

☑  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/20/2016              **X**  /s/ Will Maitland Weiss
             MM / DD / YYYY                  Signature of individual signing on behalf of debtor

                                      Will Maitland Weiss
                                      Printed name

                                      Executive Director
                                      Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **THE BIG APPLE CIRCUS, LTD.** | **Case No. __-_____ (___)** |
| Debtor. | |

## LIST OF EQUITY SECURITY HOLDERS

| Shareholder | Address of Equity Security Holder | Percentage of Total Shares |
|---|---|---|
| None | | |

| Fill in this information to identify the case and this filing: |
| --- |

Debtor Name    The Big Apple Circus, Ltd.

United States Bankruptcy Court for the:    Southern    District of    New York
    (State)

Case number (*If known*):    _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ *Amended Schedule* _____

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ *Other document that requires a declaration*  Equity Security Holders List

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/20/2016            ✗    /s/  Will Maitland Weiss
        MM / DD / YYYY                Signature of individual signing on behalf of debtor

                        Will Maitland Weiss
                        Printed name

                        Executive Director
                        Position or relationship to debtor

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **THE BIG APPLE CIRCUS, LTD.** | **Case No. __-_____ (___)** |
| **Debtor.** | |

## STATEMENT OF CORPORATE OWNERSHIP

The Big Apple Circus, Ltd. (the "Debtor") respectfully represents that no corporations directly or indirectly own 10% or more of the equity interests of the Debtor for purposes of rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure.

**Fill in this information to identify the case and this filing:**

Debtor Name    The Big Apple Circus, Ltd.

United States Bankruptcy Court for the:    Southern    District of    New York
                                                                    (State)

Case number (*If known*):  _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐  *Schedule H: Codebtors* (Official Form 206H)
- ☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐  *Amended Schedule* _____
- ☐  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑  Other document that requires a declaration  Corporate Ownership Statement

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/20/2016          ✗  /s/ Will Maitland Weiss
               MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                        Will Maitland Weiss
                                        Printed name

                                        Executive Director
                                        Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**SECRETARY'S CERTIFICATE**
**OF THE BIG APPLE CIRCUS, LTD.**

October 6, 2016

The undersigned, Jimmy Zankel, being a member and Secretary of the board of directors (the "Board") of The Big Apple Circus, Ltd., hereby certifies as follows:

Attached hereto as Annexes 1 and 2 are true, correct and complete copies of the resolutions duly adopted by the Board on October 5, 2016 (the "Resolutions"), and such Resolutions have not been amended, modified, superseded, revoked or rescinded in any respect and are in full force and effect on the date hereof.

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of the Board, has executed this certificate as of the day first set forth above.

By: _____
Name: Jimmy Zankel
Title: Secretary

**Annex 1**

**BOARD RESOLUTIONS OF**
**THE BIG APPLE CIRCUS, LTD.**

**October 5, 2016**

The members of the Board (the "Board") of The Big Apple Circus, Ltd., a New York not-for-profit corporation (the "Company"), pursuant to the Company's governing documents and the Not-for-Profit Corporation Law of the State of New York, hereby take the following actions set forth below:

WHEREAS, the Board has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the assets, liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's mission, business, creditors, and other parties in interest;

WHEREAS, the Board has had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, pursuant to resolutions dated as of the date hereof, and subject to obtaining any court and regulatory approvals that are required under applicable law, the Board authorized and approved the Company to (a) sell the Company's real property located at 39 Edmunds Lane, Walden, New York 12586 (the "Walden Property") to Weiner Holdings LLC (the "Walden Purchaser") pursuant to that certain Real Estate Purchase and Sale Agreement, dated September 14, 2016 (the "Walden REPSA", and such sale, the "Walden Sale"), and (b) take any and all actions necessary and appropriate to consummate the Walden Sale; and

WHEREAS, based on its review of all available information and advice provided by such advisors and professionals, the Board has determined that it is advisable and in the best interests of the Company and its respective stakeholders for the Company to file a petition with the Bankruptcy Court seeking relief under chapter 11 of the Bankruptcy Code and take the actions specified in the following resolutions:

NOW, THEREFORE, be it hereby resolved as follows:

### Filing of Chapter 11 Petition

RESOLVED, that the Company is hereby authorized, and any of the officers of the Company, or such other persons as the Board shall designate (each, an "Authorized Person"), shall be and hereby is, authorized on behalf of the Company, to commence a case under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") by executing and verifying a

voluntary petition in the name of the Company under chapter 11 of the Bankruptcy Code and causing the same to be filed with the Bankruptcy Court in such form and at such time as the Authorized Person executing said petition shall determine;

**Debtor in Possession Financing**

RESOLVED, that the Company is hereby authorized, and each Authorized Person shall be and hereby is, authorized on behalf of the Company, to obtain the use of cash collateral, or to borrow additional funds, either as a debtor in possession under chapter 11 of the Bankruptcy Code or otherwise, and that the Authorized Person is hereby authorized, on behalf of the Company, to negotiate and agree with potential lenders as to the terms and amounts of any such cash collateral use or further borrowings and to grant such security interests in, or liens on the assets of the Company, and to execute and deliver appropriate agreements for such use of postpetition financing in connection with the Chapter 11 Case, including the granting of liens to any such lender(s) to such agreement(s), and to take such additional actions and execute and deliver such other agreements, instruments, or documents proposed to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any such Authorized Person, in his sole discretion, may deem necessary or proper in connection with such further borrowings;

**Retention of Advisors**

RESOLVED, that the Company is hereby authorized, and each Authorized Person shall be and hereby is, authorized on behalf of the Company, to retain and employ (a) the law firm of Debevoise & Plimpton LLP to act as bankruptcy counsel for the Company in the Chapter 11 Case and (b) any other professionals or consultants to the Company as are deemed necessary to represent and assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each Authorized Person is hereby authorized to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and cause to be filed an appropriate applications for authority to retain the services of the foregoing;

**Sale of Walden Property**

RESOLVED, that the Company is hereby authorized, and each Authorized Person shall be and hereby is, authorized on behalf of the Company, to execute and verify a motion seeking approval of the Walden Sale and to cause such motion to be filed with the Bankruptcy Court in such form and at such time as the Authorized Person executing such motion shall determine;

**General Authorization**

RESOLVED, that the Company and each Authorized Person are hereby authorized, empowered, and directed, in the name of and on behalf of the Company, (a) to take or cause to be taken any and all actions, and to make or cause to be made all payments (including but not limited to payments of expenses, retainers and filing fees), (b) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory

filings as may be required or advisable under the laws or regulations of any jurisdiction, and (c) to negotiate, enter into, execute, verify, deliver, file, and perform, or cause to be negotiated, entered into, executed, verified, delivered, filed, and performed, and to amend, supplement, or otherwise modify from time to time, all other documents, agreements, certificates or instruments, including without limitation, petitions, affidavits, schedules, motions, lists, applications, and pleadings as may be necessary, appropriate, convenient or proper, in connection with the Chapter 11 Case or to effectuate the intent of, and the actions contemplated by, the foregoing resolutions, and the execution and delivery thereof by such Authorized Person to be conclusive evidence of such approval; and

RESOLVED, that any and all past actions heretofore lawfully taken by the Company, or any Authorized Person or the directors of the Company in the name of and on behalf of the Company, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

**SECRETARY'S CERTIFICATE
OF THE BIG APPLE CIRCUS, LTD.**

October 16, 2016

The undersigned, Jimmy Zankel, being a member and Secretary of the board of directors (the "Board") of The Big Apple Circus, Ltd., hereby certifies as follows:

Attached hereto as Annex 1 is a true, correct and complete copy of the resolutions duly adopted by the Board on October 16, 2016 (the "Resolutions"), and such Resolutions have not been amended, modified, superseded, revoked or rescinded in any respect and are in full force and effect on the date hereof.

IN WITNESS WHEREOF, the undersigned, in his capacity as Secretary of the Board, has executed this certificate as of the day first set forth above.

By: 

Name: Jimmy Zankel
Title: Secretary

**Annex 1**

## BOARD RESOLUTIONS OF
## THE BIG APPLE CIRCUS, LTD.

### October 16, 2016

The members of the Board (the "Board") of The Big Apple Circus, Ltd., a New York not-for-profit corporation (the "Company"), pursuant to the Company's governing documents and the Not-for-Profit Corporation Law of the State of New York, hereby take the following actions set forth below:

WHEREAS, the Board has considered presentations by the management of, and the financial and legal advisors to, the Company regarding the assets, liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's mission, business, creditors, and other parties in interest;

WHEREAS, the Board has had the opportunity to consult with the Company's management, and financial and legal advisors and other professionals, and to fully consider each of the strategic alternatives available to the Company;

WHEREAS, pursuant to resolutions dated October 5, 2016, the Board authorized the Company to, among other things, (a) commence a case (the "Chapter 11 Case") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") by executing, verifying, and filing a voluntary petition in the name of the Company in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and (b) take any and all actions necessary and appropriate in connection with the Chapter 11 Case;

WHEREAS, pursuant to resolutions dated October 5, 2016, and subject to obtaining any court and regulatory approvals that are required under applicable law, the Board authorized and approved the Company to (a) sell the Company's real property located at 39 Edmunds Lane, Walden, New York 12586 (the "Walden Property") to Weiner Holdings LLC (the "Walden Purchaser") pursuant to that certain Real Estate Purchase and Sale Agreement, dated September 14, 2016 (the "Walden REPSA", and such sale, the "Walden Sale"), and (b) take any and all actions necessary and appropriate to consummate the Walden Sale;

WHEREAS, based on its review of all available information and advice provided by such advisors and professionals, the Board has determined that it is advisable and in the best interests of the Company and its respective stakeholders for the Company to take the actions specified in the following resolutions; and

WHEREAS, the Board is comprised of 25 members, 15 of whom attended a duly-called special meeting on October 16, 2016, constituting a quorum under the Company's by-laws, which require (a) a majority of those directors who hold such of the offices of Chair, Vice Chair, President, Secretary, Treasurer, Artistic Director and Executive Director as are at that time filled plus (b) a majority of the Executive Committee present at a meeting of the Board of Directors, unless a greater or lesser number is required by law or by the certificate of incorporation, and 15 members of the Board approved the following resolutions;

NOW, THEREFORE, be it hereby resolved as follows:

RESOLVED, that the Board deems it advisable and in the best interests of the Company, its creditors, and other interested parties that the Company execute and verify motions seeking approval of the sale (and related bidding procedures) of the Company's other assets (the "Other Assets"), including the personal property located at the Walden Property that was excluded from the Walden Sale as well as the Company's intellectual property, and cause such motions to be filed with the Bankruptcy Court in such form and at such time as any of the officers of the Company, or such other persons as the Board shall designate (each, an "Authorized Person"), executing such motions shall determine;

RESOLVED, that, subject to obtaining any court and regulatory approvals that are required under applicable law, the Company is hereby authorized, and any Authorized Person shall be and hereby is, authorized on behalf of the Company, to take any and all actions and execute all documents necessary to consummate such sale or sales of the Other Assets and distribute the proceeds thereof in accordance with applicable law; provided, however, that the selection of the successful bidder for any or all of the Other Assets shall be subject to approval by the Executive Committee of the Board;

RESOLVED, that the Company and each Authorized Person are hereby authorized, empowered, and directed, in the name of and on behalf of the Company, (a) to take or cause to be taken any and all actions, (b) to make or cause to be made all federal, state and local governmental, administrative and/or regulatory filings as may be required or advisable under the laws or regulations of any jurisdiction, and (c) to negotiate, enter into, execute, verify, deliver, file, and perform, or cause to be negotiated, entered into, executed, verified, delivered, filed, and performed, and to amend, supplement, or otherwise modify from time to time, all other documents, agreements, certificates or instruments, including without limitation, petitions, affidavits, schedules, motions, lists, applications, and pleadings as may be necessary, appropriate, convenient or proper, in each case to effectuate the intent of, and the actions contemplated by, the foregoing resolutions, and the execution and delivery thereof by such Authorized Person to be conclusive evidence of such approval; and

2

RESOLVED, that any and all past actions heretofore lawfully taken by the Company, or any Authorized Person or the directors of the Company in the name of and on behalf of the Company, in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed, and approved in all respects.

3