M. Natasha Labovitz
Christopher Updike
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:     (212) 909-6000
Facsimile:      (212) 909-6836

Proposed Counsel to the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **THE BIG APPLE CIRCUS, LTD.** | **Case No. 16-13297 (___)** |
| **Debtor.** | |

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER WAIVING**
**THE REQUIREMENT TO RETAIN A CLAIMS AND NOTICING**
**AGENT PURSUANT TO LOCAL BANKRUPTCY RULE 5075-1(b)**

The above-captioned debtor and debtor in possession, The Big Apple Circus, Ltd. (the "**Circus**" or the "**Debtor**"), submits this motion, pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") and rules 5075-1(b) and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), for entry of an order, substantially in the form attached hereto as **Exhibit A**, waiving the requirement to retain a claims and noticing agent pursuant to Local Bankruptcy Rule 5075-1(b), if applicable. In support of this motion, the Circus submits the "Declaration of Will Maitland Weiss, Executive Director of The Big Apple Circus, Ltd., in

Support of Chapter 11 Petition and First Day Pleadings" (the "**First Day Declaration**"),[1] and respectfully states as follows:

### Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2. On the date hereof (the "**Petition Date**"), the Circus commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Circus is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no statutory committee has been appointed or designated, in this chapter 11 case.

3. Information regarding the Circus' businesses, its capital structure, the events leading to the filing of its chapter 11 case, and the facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration, filed contemporaneously herewith and incorporated herein by reference.

### Relief Requested

4. By this motion, pursuant to section 105(a) of the Bankruptcy Code and Local Bankruptcy Rules 5075-1(b) and 9013-1, the Circus respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A**, waiving the requirement to retain a claims and noticing agent pursuant to Local Bankruptcy Rule 5075-1(b), if applicable.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

2

**Basis for Relief Requested**

5.      Pursuant to Local Bankruptcy Rule 5075-1(b):

> In a case in which the number of creditors and equity security holders, in the aggregate, is 250 or more, the estate shall retain, subject to approval of the Court, a claims and noticing agent in accordance with the Protocol for the Employment of Claims And Noticing Agents under 28 U.S.C. § 156(c) . . . .

LBR 5075-1(b). Section 105(a) of the Bankruptcy Code grants the Court broad authority to issue any order that is necessary and appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a).

6.      In this case, the Circus' creditor matrix includes approximately 375 notice parties, however, the Circus believes that less than 250 of those parties are actually creditors of the Debtor's estate. Nonetheless, out of an abundance of caution, the Circus respectfully submits that sufficient cause exists to waive the requirement that the Circus retain and claims and noticing agent pursuant to Local Bankruptcy Rule 5075-1(b), to the extent applicable. As set forth in the First Day Declaration, the Circus is a not-for-profit corporation with significant liquidity constraints and a tight budget for administrative expenses accrued during this chapter 11 case. Accordingly, to minimize costs, the Circus' pro bono restructuring counsel, Debevoise & Plimpton LLP ("**Debevoise**"), has agreed to undertake noticing services with respect to the Circus' filings and as otherwise required by the Court, subject to reimbursement of related out-of-pocket costs and expenses.

7.      Debevoise has extensive experience with and knowledge of the bankruptcy process, including the noticing requirements under the Bankruptcy Code, and possesses the equipment, personnel, and other resources necessary to provide all required notice in a timely and professional manner. Further, due to Debevoise's longstanding relationship with the Circus developed over the years and in preparing the Circus for this chapter 11 case,

3

Debevoise has become familiar with the Circus' mission and operations, as well as the scope of the Circus' creditor body, which will enable the firm to provide effective and efficient noticing services.  Accordingly, the Circus respectfully requests that the Court waive the requirement that the Circus retain a claims and noticing agent, provided that Debevoise undertakes noticing services with respect to the Circus' filings and as otherwise required by the Court, without prejudice to the right of the Court, its clerk, or any other party in interest to seek reconsideration of the relief requested herein.

## Motion Practice

8.     This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion.  Accordingly, the Circus submits that this motion satisfies Local Bankruptcy Rule 9013-1(a).

## Notice

9.     The Circus has provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York, (b) the U.S. Attorney for the Southern District of New York, (c) the New York State Attorney General, (d) the New York City Department of Cultural Affairs, (e) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims and (f) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules.  In light of the nature of the relief requested, the Circus respectfully submits that no further notice is necessary.

## No Prior Request

10.    No prior request for the relief sought herein has been made by the Circus to this or any other court.

4

WHEREFORE, the Circus respectfully requests that the Court (a) enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein, and (b) grant such other and further relief as is just and proper.

Dated: November 20, 2016
      New York, New York

*/s/ Christopher Updike*
M. Natasha Labovitz
Christopher Updike
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 909-6836
Email:    nlabovitz@debevoise.com
            cupdike@debevoise.com

Proposed Counsel to the Debtor
and Debtor in Possession

## Exhibit A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>**THE BIG APPLE CIRCUS, LTD.**<br><br>　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-13297 (＿＿) |

**ORDER WAIVING THE REQUIREMENT TO RETAIN A CLAIMS AND
NOTICING AGENT PURSUANT TO LOCAL BANKRUPTCY RULE 5075-1(b)**

Upon the motion (the "**Motion**")[1] of the Circus, pursuant to section 105(a) of the Bankruptcy Code and Local Bankruptcy Rules 5075-1(b) and 9013-1, for entry of an order waiving the requirement to retain a claims and noticing agent pursuant to Local Bankruptcy Rule 5075-1(b), if applicable, all as further set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion and opportunity for objection having been given under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that such relief is in the best interests of the Circus, its estates, its creditors and all parties in interest; and any objections to the Motion having been withdrawn or overruled on the merits; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

　　　　1.　　　The Motion is granted as set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2. The requirement that the Circus retain a claims and noticing agent pursuant to Local Bankruptcy Rule 5075-1(b), to the extent applicable, is waived; <u>provided</u> that Debevoise undertakes noticing services with respect to the Circus' filings and as otherwise required by the Court, for which Debevoise may seek reimbursement of all related costs and expenses, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and any other applicable procedures or orders of the Court.

3. Entry of this Order and the relief granted herein is without prejudice to the right of the Court, its clerk, or any other party in interest to seek reconsideration of such relief.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE