M. Natasha Labovitz
Christopher Updike
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 909-6836

Counsel to the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**THE BIG APPLE CIRCUS, LTD.**<br><br>                         **Debtor.** | Chapter 11<br><br>Case No. 16-13297 (SHL) |

**DEBTOR'S EX PARTE MOTION TO SHORTEN THE NOTICE PERIOD WITH
RESPECT TO THE DEBTOR'S MOTION FOR ENTRY OF AN ORDER
(I) APPROVING BIDDING PROCEDURES FOR THE SALE OF THE DEBTOR'S
CIRCUS ASSETS, (II) AUTHORIZING THE EMPLOYMENT AND RETENTION OF
STAMPLER AUCTIONS AS AUCTIONEER, (III) SCHEDULING AUCTION AND
SALE APPROVAL HEARING, (IV) APPROVING THE FORM AND MANNER OF
SALE NOTICE, AND (V) GRANTING RELATED RELIEF**

The Big Apple Circus, Ltd. (the "**Circus**" or the "**Debtor**"), as debtor and debtor in possession in the above captioned case, respectfully represents as follows:

**Background**

1.     On November 20, 2016 (the "**Petition Date**"), the Circus commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in this Court. The Circus is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On December 12, 2016, the Office of the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors (the "**Creditors' Committee**") pursuant to section 1102 of the Bankruptcy Code [Docket No. 43]. No request for the appointment of a trustee or examiner has been made in this chapter 11 case.

3. The Circus seeks to sell its circus equipment and other related personal and intellectual property associated with the Circus' performance unit (the "**Circus Assets**"), which are no longer necessary to support the Circus' mission or operations, with hopes of preserving an operating enterprise that will once again perform shows in New York City in upcoming seasons. Most of the physical Circus Assets are located at the Circus' owned real property located at 39 Edmunds Lane, Walden, New York 12586 (the "**Walden Property**") that the Circus has historically used as a storage and training facility. On December 9, 2016, the Circus filed a motion with the Court [Docket No. 32] seeking entry of an order approving the sale of the Walden Property, which is scheduled to be heard on January 11, 2017.

4. Contemporaneously herewith, the Circus filed a motion (the "**Bidding Procedures Motion**") seeking entry of (a) an order (i) approving bidding and auction procedures (the "**Bidding Procedures**") in connection with the sale of the Circus Assets; (ii) authorizing the Circus to employ and retain Sampler Auctions ("**Stampler**") as auctioneer; (iii) scheduling an auction and sale approval hearing; (iv) approving the form and manner of the sale notice, and (v) granting certain related relief.

## Jurisdiction

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

6. By this <u>ex</u> <u>parte</u> motion, pursuant to rules 2002(a)(2) and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), rules 9006-1(b) and 9077-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Bankruptcy Rules**"), and the "Amended Guidelines for the Conduct of Assets Sales" promulgated by General Order M-383 of this Court (the "**Sale Guidelines**"), the Circus respectfully requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") (a) shortening the notice period with respect to the Bidding Procedures Motion, (b) setting the date and time for the hearing to consider the Bidding Procedures Motion for **January 11, 2017 at 2:00 p.m. (Eastern Time)**, and (c) setting the deadline for the filing of objections to the Bidding Procedures Motion for **January 6, 2017 at 12:00 p.m. (Eastern Time)**.

**Basis for Relief Requested**

7. Pursuant to Bankruptcy Rule 2002(a)(2), parties in interest must be provided with at least twenty-one days' notice by mail of "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving notice[.]" Fed. R. Bankr. P. 2002(a)(2). However, Bankruptcy Rule 9006(c)(1) authorizes this Court, for cause shown, to reduce the notice period required under Bankruptcy Rule 2002(a). Fed. R. Bankr. P. 9006(c)(1). Additionally, the Sale Guidelines provide that the 21-day notice period set forth in Bankruptcy Rule 2002(a) can generally be shortened with respect to a request for approval of a proposed sale procedures order, and that the 14-day notice period provided under Local Bankruptcy Rule 9006-1(b), should provide sufficient time, under most circumstances, to enable parties in interest to file an objection to proposed sale procedures.

-3-

8. The Circus submits that ample cause exists to shorten the notice period with respect to the Bidding Procedures Motion. As set forth more fully in the Motion, the Bidding Procedures contemplate an expeditious and targeted marketing and sale process, which the Circus believes is critical to maximizing the value of the Circus Assets. The aggregate value of the Circus Assets is directly correlated with the ability of prospective buyers to begin performances during fall 2017. If the sale of the Circus Assets cannot be closed so that a Successful Bidder can (a) contract with Lincoln Center and/or other performance venues for 2017-2018 and beyond, (b) hire the necessary artists and production crew, and (c) begin design and rehearsal in advance of a fall re-opening, prospective bidders may offer less consideration, or worse, refuse to participate. Furthermore, the sale of the Walden Property is expected to close soon, which will require that the Circus Assets be removed either through a sale or by paying to have them transferred and stored at an alternative facility. Thus, the Circus believes that expedited approval of the Bidding Procedures and retention of Stampler to oversee the bidding and auction process is necessary and appropriate.

9. The Circus proposes to serve notice of the Bidding Procedures Motion on applicable parties by overnight mail (and by email where possible) within one business day of entry of an order granting this motion. Thus, the Circus does not believe that any parties in interest will be unduly prejudiced by the shortening of notice requested herein.

10. The Debtor has conferred with the Creditors' Committee regarding the relief requested herein and the Creditors' Committee supports such relief

11. Based on the forgoing, the Debtor respectfully submits that cause exists to shorten the notice period and schedule an expedited hearing with respect to the Bidding Procedure Motion.

-4-

### Motion Practice

12. This motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this motion. Accordingly, the Circus submits that this motion satisfies Local Bankruptcy Rule 9013-1(a).

### Notice

13. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may shorten time without notice. Accordingly, no notice of this motion has been given.

### No Prior Request

14. No prior motion for the relief requested herein has been made by the Circus to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

Dated: December 23, 2016
New York, New York

*s/ Christopher Updike*
M. Natasha Labovitz
Christopher Updike
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
Telephone:    (212) 909-6000
Facsimile:    (212) 909-6836
Email:    nlabovitz@debevoise.com
cupdike@debevoise.com

Counsel to the Debtor
and Debtor in Possession

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **THE BIG APPLE CIRCUS, LTD.** | **Case No. 16-13297 (SHL)** |
| Debtor. | |

**ORDER SHORTENING NOTICE PERIOD WITH RESPECT TO
DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING
PROCEDURES FOR THE SALE OF THE DEBTOR'S CIRCUS ASSETS,
(II) AUTHORIZING THE EMPLOYMENT AND RETENTION OF STAMPLER
AUCTIONS AS AUCTIONEER, (III) SCHEDULING AUCTION AND SALE
APPROVAL HEARING, (IV) APPROVING THE FORM AND MANNER OF
SALE NOTICE, AND (V) GRANTING RELATED RELIEF**

Upon the ex parte motion, dated December 23, 2016 (the "**Motion to Shorten Notice**")[1] of The Big Apple Circus, Ltd. (the "**Circus**" or the "**Debtor**"), the debtor and debtor in possession in the above-captioned case, seeking entry of an order shortening the notice period and scheduling an expedited hearing with respect to the Bidding Procedures Motion, all as more fully set forth in the Motion to Shorten Notice; and the Court having jurisdiction to consider the Motion to Shorten Notice and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion to Shorten Notice and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found and determined that (a) good cause has been shown for the Circus to proceed with the Motion to Shorten Notice on an ex parte basis and (b) the legal and factual bases set forth in the Motion to Shorten Notice establish just cause for the relief granted herein and that such expedited relief is in the best

---

[1] Capitalized terms used but not defined herein shall have the same meaning ascribed to them in the Motion to Shorten Notice.

interests of the Debtor, its estate and creditors and all other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion to Shorten Notice is granted as set forth herein.

2. A hearing to consider the Bidding Procedure Motion shall be held on **January 11, 2017 at 2:00 p.m. (Eastern Time)**.

3. Objections or responses to the Bidding Procedures Motion must be filed by **January 6, 2017 at 12:00 p.m. (Eastern Time).**

4. Replies to any objections or responses to the Bidding Procedures Motion must be filed by **January 10, 2017 at 12:00 p.m. (Eastern Time)**.

5. The Debtor shall serve notice of the Bidding Procedures Motion and corresponding objection deadline on applicable parties by overnight mail (and by electronic mail where possible) within one business day after entry of this Order.

6. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: _____, 2016

                                                _____
                                                UNITED STATES BANKRUPTCY JUDGE