UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> **TBAC WIND DOWN, LTD.,** <br><br> Debtor. | Chapter 11 <br><br> Case No. 16-13297 (SHL) |

**FINAL DECREE CLOSING THE
CHAPTER 11 CASE OF TBAC WIND DOWN, LTD.
PURSUANT TO SECTION 350(a) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3022, AND LOCAL BANKRUPTCY RULE 3022-1**

Upon the application (the "Application")[1] of Brad Boe, in his capacity as plan administrator (the "Plan Administrator") acting on behalf of TBAC Wind Down, Ltd. (the "Post-Effective Date Debtor" and before the Effective Date of the Plan, the "Debtor") for entry of a final decree closing the above-captioned chapter 11 case (the "Chapter 11 Case") pursuant to section 350(a) of the Bankruptcy Code, Bankruptcy Rule 3022, and Local Bankruptcy Rule 3022-1, all as more fully described in the Application; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and the Confirmation Order; and the Court having reviewed the Application; and there being no timely objections to the requested relief, after due notice; and the Court hereby finding and determining that (a) the relief sought in the Application and granted herein is in the best interests of the Debtor, its estate and creditors, and all parties in interest, (b) due and proper notice of the Application has been given, and (c) the legal and factual

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Application.

bases set forth in the Application demonstrate sufficient and just cause for the relief granted herein; therefore, it is HEREBY ORDERED THAT:

1. All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Application.

2. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Chapter 11 Case is hereby closed; *provided, however*, that the Court shall retain such jurisdiction as is provided in the Plan, which provides for the retention of the Court's exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Case and the Plan, and the entry of this Final Decree is without prejudice to the rights of the Plan Administrator or any party in interest to seek to reopen the Chapter 11 Case for good cause shown.

3. The Plan Administrator is authorized and empowered to undertake all of the Trailing Obligations.

4. Upon completion of the Trailing Obligations, the Plan Administrator shall be discharged from his duties and obligations under the Plan, the Confirmation Order, and any other applicable document, law, rule or Order of this Court pertaining to Plan Administrator's duties and obligations.

5. The Closing Report of the Plan Administrator is approved.

6. To the extent not already paid, the Plan Administrator shall reserve sufficient funds to pay the United States Trustee the appropriate amount of any outstanding quarterly fees due pursuant to 28 U.S.C. § 1930 and any applicable interest due pursuant to 31 U.S.C. § 3717, which fees and interest, if any, shall be paid within ten (10) days of the entry of this Final Decree. Upon the payment of such quarterly fees, the Plan Administrator

simultaneously shall provide to the United States Trustee a signed statement indicating cash disbursements, if any, for the quarter in which this Final Decree is entered.

7. Except as expressly provided herein, Donlin Recano is released as claims and noticing agent in the Chapter 11 Case under Bankruptcy Rule 2002, 28 U.S.C. § 156(c) and the *Order Authorizing the Employment and Retention of Donlin, Recano & Company, Inc. as Administrative Agent for the Debtor, Nunc Pro Tunc to December 29, 2016* [Docket No. 129].

8. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Application.

Dated: March 27, 2019

*/s/ Sean H. Lane*
THE HONORABLE SEAN H. LANE
UNITED STATES BANKRUPTCY JUDGE